OPINION OF THE COURT
Per Curiam.
Petitioner instituted this proceeding to review a determination of respondent State Commission on Judicial Conduct which recommended that the court remove him from the office of Justice of the Valley Stream Village Court, Nassau County, for improperly delegating his judicial duties and giving false information to the Nassau County Administrative Judge.
According to the parties’ agreed statement of facts, petitioner served as Acting Village Justice of Valley Stream between April 1, 1983 and March 9, 1986. Until May 1, 1985 he presided over the Village Court approximately 30% of the time it was in session. Thereafter, until March 9, 1986, petitioner alone presided over the court because of the illness of the incumbent Village Justice. The Deputy Village Attorney was charged with prosecuting matters in Village Court and between April 1983 and March 1986 petitioner permitted him to perform the judicial duties of the Village Court in the absence of a Judge by conducting conferences with defendants after the court had written to the defendants and advised them to appear for trial. The Deputy Village Attorney accepted guilty pleas; determined the amount of fines to be paid by defendants and advised defendants of the amount of fines to be paid only after they had entered pleas of guilty; and entered the disposition of cases on official court records. In virtually every case that was disposed of without trial, the Justice presiding did not see the defendant after arraignment nor did he review the disposition of the case after the plea bargain was consummated. Because of the delegation of judicial duties to the Deputy Village Attorney by the Village Justice and petitioner, acting in his absence, numerous defendants were led to believe that the Deputy Village Attorney was the Judge who was disposing of their cases.
On March 10, 1986 the Village Justice died and petitioner was appointed as Valley Stream Village Justice. After his appointment, until June 23, 1986, he permitted the Deputy Village Attorney to continue these procedures. If a defendant *391 and the Deputy Village Attorney agreed to a plea of guilty and a fine, however, the Deputy Village Attorney wrote the proposed disposition on the court papers, which were then delivered to petitioner the same evening for his examination. Petitioner determined whether to accept the plea of guilty and to set the fine in accordance with the agreement. The defendants did not appear before petitioner but were told that the Deputy Village Attorney’s recommendation required court approval. In several instances during this period in which the Deputy Village Attorney had written recommendations on court records concerning proposed dispositions, petitioner engaged in ex parte communications with the Deputy Village Attorney concerning the recommended disposition during which the Deputy Village Attorney set forth the basis for his recommendations.
In November 1985 the Office of Court Administration received an anonymous letter complaining about these procedures, and the Administrative Judge for Nassau County forwarded the letter to both the Village Justice and petitioner and requested that they respond to allegations in the letter charging them with abandoning their judicial duties to the prosecutor. In January 1986 petitioner prepared a letter response to the Administrative Judge. It was executed by both petitioner and the Village Justice and explained the plea bargaining procedures in the Village Court. In the letter petitioner falsely stated that the Judge presiding in Village Court reviewed and approved all plea bargains on the night they were made and that if there were close questions or problems, the parties were brought before the Bench where judicial discretion was exercised.
Notwithstanding this complaint and the inquiry by the Administrative Judge, from January 1986 until March 9, 1986 petitioner continued the practice of not reviewing dispositions on the night that they were made. He modified this practice after March 9, 1986 to the extent that he examined the proposed dispositions on the same night they were agreed upon, but even after this date defendants rarely appeared before petitioner in person.
Based upon this improper conduct and the false representations in petitioner’s letter, respondent concluded that petitioner had violated sections 100.1 (upholding the independence of the judiciary), 100.2 (a) (avoiding the appearance of impropriety) and 100.3 (a) (4) (according a party a right to be heard, *392 avoiding ex parte communications) of the Rules Governing Judicial Conduct (22 NYCRR) and the similar rules stated in canons 1, 2 (A) and 3 (A) (4) of the Code of Judicial Conduct. It determined that the appropriate sanction was the removal of petitioner from office.
The delegation of judicial duties was improper and should have been discontinued. Moreover, petitioner’s deceptive response to the Administrative Judge’s inquiry helped to conceal the practice and prevent the implementation of corrective measures. That the procedures were instituted by petitioner’s predecessor, the deceased Village Justice, who directed petitioner as Acting Justice to follow them does not excuse the conduct. Petitioner was responsible for his own conduct in the discharge of his judicial duties.
Accordingly, the determined sanction of the State Commission on Judicial Conduct should be accepted, without costs, and petitioner should be removed from his office of Village Justice.
Chief Judge Wachtler and Judges Simons, Kaye, Hancock, Jr., Bellacosa and Dillon* concur in Per Curiam opinion; Judge Alexander taking no part.
Determined sanction accepted, without costs, and Michael J. Greenfeld is removed from his office of Justice of the Valley Stream Village Court.

 Designated pursuant to NY Constitution, article VI, § 2.